UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STEPHANIE MICHELLE WINTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos.: 3:15-CR-107-TWP-CCS-7 |
| ) | 3:17-CV-305-TWP |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Now before the Court is a pro se prisoner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 1233[1]]. Respondent has filed a response in opposition to the motion [Doc. 1255]. The Court finds that, after reviewing the relevant parts of the record, an evidentiary hearing is not warranted. Rules Governing Section 2254 and 2255 Cases, Rule 8. Further, for the reasons set forth below, Petitioner is not entitled to relief under § 2255. Accordingly, the motion for relief under § 2255 [Doc. 1233] will be **DENIED**.

### I. BACKGROUND

Petitioner pleaded guilty to conspiracy to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) [Doc. 649 p. 1]. Petitioner's plea agreement stated that due to her prior felony drug conviction, "[t]he maximum penalty to which [Petitioner] will be exposed by virtue of the guilty plea is a minimum mandatory term of imprisonment of twenty years up to life" [*Id.*].

---

[1] All citations to the record are to the criminal case.

Respondent, however, did not file a timely notice regarding Petitioner's prior felony drug conviction as required for that conviction to increase Petitioner's punishment [Doc. 1093 p. 18]. *See* 21 U.S.C. § 851 (providing that "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more convictions, unless . . . before entry of a guilty plea, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon"). Accordingly, on July 13, 2016, the Court sentenced Petitioner to one-hundred and twenty months' imprisonment [Doc. 1141 p. 2], which was the guidelines term of imprisonment for Petitioner [Doc. 1093 p. 18].

Petitioner did not appeal the judgment against her, but rather filed the instant § 2255 alleging claims of ineffective assistance of counsel [Doc. 1233].

## II. STANDARD

First, a petitioner has the burden of proving that he is entitled to relief under § 2255 by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Further, the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. Under this Amendment, defendants have a right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Supreme Court has set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687. Petitioner has the burden to prove ineffective assistance of counsel. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985). Further, a petitioner must establish both prongs of a claim for ineffective assistance of counsel in order to meet her burden, and if either prong is not satisfied, the claim must be rejected. *Strickland*, 466 U.S. at 69.

To satisfy the first prong of *Strickland*, an attorney's performance must have been "reasonable[] under prevailing professional norms." *Strickland*, 466 U.S. at 688. A party asserting an ineffective assistance of counsel claim must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The district court must evaluate the objective reasonableness of counsel's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires a claimant to show that counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Where a petitioner pleaded guilty, he must show that there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty in order to establish prejudice prong of the *Strickland* test. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985).

### III. ANALYSIS

In her § 2255 motion, Petitioner first alleges that counsel was ineffective for advising her to sign the plea agreement when no drugs were found in her possession and the only government evidence against her was testimony from co-defendants and a recorded phone call, as she believes that she "would have had a fair chance at acquittal" [*Id.* at 4]. Petitioner also asserts that counsel

3

allowed her to believe that she would receive a downward departure for assisting the government, but did not follow up with prosecutor about the information she provided or challenge the prosecutor's decision not to file such a motion [*Id.* at 5–6]. Lastly, Petitioner asserts that counsel failed to recognize that the prosecutor had not filed a notice regarding her prior felony conviction before she signed the plea agreement, and Petitioner therefore signed a plea agreement agreeing to a sentence that was ten years more than the mandatory minimum sentence [*Id.* at 12].

### A. Advising Petitioner to Plead Guilty

First, Petitioner's assertion that counsel was ineffective for advising her to sign a plea agreement because she "would have had a fair chance of acquittal" as no drugs were found in her possession and the only evidence against her was from codefendants and a recorded phone call fails to establish that counsel was deficient or that any deficiency prejudiced Petitioner.

As set forth above, Petitioner pleaded guilty to conspiracy to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) [Doc. 649 p. 1]. The plain language of 21 U.S.C. § 846 which sets forth the elements of a conspiracy offense, however, does not require the offender to possess any drugs to be subject to the same penalties as those prescribed for the offense that was the subject of the conspiracy, including a violation of § 841(a)(1).

Moreover, a conspiracy conviction requires the government to prove an agreement to violate drug laws, knowledge and intent to join the conspiracy, and participation in the conspiracy. *United States v. Martinez*, 430 F.3d 317, 330 (6th Cir. 2005). Thus, testimony from codefendants and/or a recorded phone call may be powerful evidence of this offense, and Petitioner does not allege and/or set forth any evidence tending to suggest that she was not guilty of the conspiracy offense. Further, Petitioner's speculation that she "would have had a fair chance of acquittal" due to insufficient evidence does not meet Petitioner's burden to establish that there is a reasonable

4

probability that, but for counsel's advice, she would have proceeded to trial as required to establish a claim for ineffective assistance of counsel arising out of a guilty plea. *Hill*, 474 U.S. at 58–59.

Accordingly, this claim is without merit.

### B. Downward Departure Motion

Next, Petitioner's allegations that she provided the prosecutor with information to support the prosecutor filing a §5K1.1 motion for downward departure, but counsel did not follow up with the prosecutor regarding this information or challenge the prosecutor's decision not to file such a motion likewise do not entitle Petitioner to relief under § 2255. A prosecutor's discretion in determining whether to file a § 5K1.1 motion for downward departure due to a defendant's assistance is subject only to the limitation that the prosecutor cannot refuse to file this motion due to improper factors, such as race or religion. *Wade v. United States*, 504 U.S. 181, 185 (1992).

Petitioner has not alleged or demonstrated that the prosecutor did not file a motion for downward departure regarding her assistance due to improper factors. Thus, Petitioner has not established that counsel was deficient for not challenging the prosecutor's decision not to file this motion. Further, as the prosecutor has the discretion to decide whether to file this motion, Petitioner's allegation that counsel should have followed up with the prosecutor about the information she provided is insufficient to establish that counsel's failure to do so prejudiced her, as Petitioner has set forth nothing to suggest that any such follow up would have resulted in the prosecutor filing this motion. Accordingly, this claim is likewise without merit.

### C. Notice of Prior Felony Conviction

Lastly, Petitioner asserts that her counsel was ineffective for allowing her to sign a plea agreement for a mandatory minimum sentence of twenty years without realizing that the government had not filed a timely notice of Petitioner's prior felony conviction. Petitioner,

however, cannot establish that this alleged ineffective assistance of counsel prejudiced her. If counsel had raised the government's failure to file this notice at any time prior to Petitioner entering a plea of guilty, the government could have filed this notice with the Court at that time and thereby increased Petitioner's mandatory minimum sentence by ten years [Doc. 1093 p. 18]. *See* 21 U.S.C. § 851. Accordingly, this claim is without merit.

## IV. CONCLUSION

For the reasons set forth above, Petitioner is not entitled to relief under § 2255 and her § 2255 motion [Doc. 1233] will be **DENIED**. Thus, under 28 U.S.C. § 2253(c)(2), the Court must determine whether to grant a certificate of appealability ("COA"). A COA should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After reviewing each of Petitioner's claims, the Court finds Petitioner has not demonstrated by a preponderance of the evidence that counsel was deficient and/or that any such deficiency prejudiced Petitioner. Accordingly, a COA **SHALL NOT ISSUE**.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Accordingly, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ISSUE.**

**E N T E R:**

                               s/ Thomas W. Phillips
                           SENIOR UNITED STATES DISTRICT JUDGE